JACOB BIER, PLAINTIFF-RESPONDENT, v. THE CAMDEN FIRE INSURANCE ASSOCIATION, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *Joseph C. Paul.*

For the respondent, *Joseph Jordan.*

The opinion of the court was delivered by

HETFIELD, J. This action was instituted by the plaintiff, to recover on a policy issued to him by the defendant, which insured the plaintiff against the risks of loss or damage during transportation or otherwise, of jewelry, furs and other articles of personal adornment. The plaintiff alleges that on the first day of October, 1930, he sustained a loss by theft of two diamond rings, having a total value of $2,250, while traveling from Hoboken to New York. It appears that both rings, together with other pieces of jewelry, were specified in a schedule attached to the policy, and a value placed on each article. The policy was originally made out in favor of Diana Bier as the assured, but by a subsequent rider, the name was changed to Jacob Bier, the plaintiff. The defendant filed an answer admitting the policy was issued, but denying every other allegation contained in the complaint, and set up two affirmative defenses, the first alleging that the plaintiff had not complied with the conditions and terms of the policy, which was subsequently abandoned, and the second that the plaintiff did not have an insurable interest in the policy.

The plaintiff served a notice that he would move to strike out the answer and apply for a summary judgment, upon the ground that same was sham and filed solely for the purpose of delay. There was served with the said notice, two affidavits, one made by the plaintiff, setting forth the articles lost and the value of same, and that the loss was sustained while he was traveling from Hoboken to New York, and the other by Frank Bucino, an agent for the defendant company, to the effect that the articles in question had been appraised, and that he had been notified by the plaintiff of the loss sustained. The matter was argued upon *ex parte* affidavits, and the court directed the answer to be struck out and summary judgment entered in favor of the plaintiff,

for the full amount of his claim, from which action the defendant has appealed. An examination of the two affidavits submitted on behalf of the defendant, both of which were made by Joseph C. Paul, its attorney, satisfies us that there is nothing contained therein which would justify this court in reversing the finding of the judge, that he deemed the facts shown by the defendant to be insufficient to entitle it to defend. The affidavits do not dispute the fact that the loss was sustained, but simply state that the attorney, after examining both the plaintiff and his wife, under oath, arrived at the conclusion, and so advised the defendant, that there was no liability on its part, to the plaintiff. One of said affidavits quotes part of the testimony taken at the examination of the plaintiff, which does not, in our opinion, in anyway support the defendant's answer. In a proceeding to strike out an answer, the finding of the judge must be assumed to be true, until the contrary appears; and as such is not the fact in the present case, the finding must be taken as correct.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.